ROBERT A. PINEL – RAP 9070
FLAMM, BOROFF & BACINE, P.C.
Westfield Corporate Center
4905 West Tilghman Street, Suite 310
Allentown, Pennsylvania 18064
610-336-6800
Attorneys for Plaintiffs



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DLJ MORTGAGE CAPITAL, INC. and CREDIT SUISSE FIRST BOSTON MORTGAGE CAPITAL, LLC, | Case No. 07-CV-10318 (JFK) |
| Plaintiffs, | |
| – against – | **AMENDED COMPLAINT FOR DAMAGES** |
| ACT LENDING CORPORATION d/b/a AMERICAN CAPITAL MORTGAGE SERVICES, AMERICAN CAPITAL TRUST, and NELSON HAWS, | |
| Defendants. | |

Plaintiffs DLJ Mortgage Capital, Inc. ("DLJMC") and Credit Suisse First Boston Mortgage Capital, LLC ("CSFBMC") (collectively referred to as "Plaintiffs"), by and through their attorneys, Flam, Boroff & Bacine, P.C., file this their Amended Complaint for Damages against Defendants ACT Lending Corporation d/b/a American Capital Mortgage Services ("ACT Lending"), ACT Capital Trust ("ACT Capital"), and Nelson Haws (collectively referred to as "Defendants"), as follows:

## PRELIMINARY STATEMENT

1.   This Complaint alleges the failure of Defendants to comply with written agreements with Plaintiffs. As a result, Defendants owe Plaintiffs in excess of $46 million.

2. Defendant ACT Lending failed to repurchase mortgage loans as required by a Master Repurchase Agreement with Plaintiff CSFBMC resulting in damages to Plaintiff CSFBMC in excess of $760,000.00, plus interest, penalties, and, reasonable attorney's fees and costs. Defendant Haws is a personal guarantor of Defendant ACT Lending's obligations. He is also liable to Plaintiff CSFBMC in excess of $760,000.00, plus interest, penalties, and, reasonable attorney's fees and costs.

3. Defendant ACT Capital failed to repurchase mortgage loans as required by a written purchase agreement with Plaintiff DLJMC. It also failed to make other payments due under the agreement. As a result, Plaintiff DLJMC has been damaged in excess of $45 million, plus interest, penalties, and, reasonable attorney's fees and costs.

## JURISDICTION AND VENUE

4. Jurisdiction of the parties and this Complaint is properly in this Court under the diversity of jurisdictions provisions of 28 U.S.C. §1332(a)(1) and (b).

5. There is complete diversity between the parties. Every issue of law and fact in this action is wholly between citizen corporations of different states. The amount in controversy exceeds $75,000.00.

6. Venue is proper as to these Defendants pursuant to 28 U.S.C. §1391(a)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district. Additionally, by contract the parties agreed that venue of this dispute is to be situated in the state or federal courts of New York County in the State of New York.

7. Venue is also proper in this district pursuant to the provisions of 28 U.S.C. §1391(c) because Defendant is subject to personal jurisdiction in this district and is deemed to reside within it for purposes of 28 U.S.C. §1391(a)(1).

## PARTIES

8. Plaintiff DLJMC is a Delaware corporation qualified to do business in the State of New York. Its principal place of business is at 11 Madison Avenue, New York City, New York County, State of New York.

9. Plaintiff CSFBMC is a Delaware Limited Liability Company qualified to do business in the State of New York. Its principal place of business is at 11 Madison Avenue, New York City, New York County, State of New York.

10. Defendant ACT Lending is a Florida corporation doing business in the State of New York. Its principal place of business is 481 Sawgrass Corporate Parkway, Sunrise, Florida 33325.

11. Defendant ACT Capital is a Florida company doing business in the State of New York. Its principal place of business is 8330 State Road 84, Davie, Florida 33324.

12. Defendant Haws is an individual who resides at 10338 Laurel Road, Davie, Florida 33328.

## STATEMENT OF FACTS

### Plaintiff CSFBMC's Claims Against Defendants ACT Lending and Nelson Haws

13. On or about March 24, 2005, Plaintiff CSFBMC and Defendant ACT Lending entered into a Master Repurchase Agreement (the "Original MRA"). (A copy of the Original MRA is attached as Exhibit A.) There have been eight amendments to the Original MRA, most recently

3

on August 30, 2006. (Copies of the Amendments are attached as Exhibit B. The Original MRA and its amendments shall collectively be referred to as the "MRA")

14. Under the terms of the MRA, Plaintiff CSFBMC agreed to purchase certain mortgage loans from Defendant ACT Lending. Defendant ACT Lending agreed to repurchase these mortgage loans from Plaintiff CSFBMC "at a date certain or on demand." The cost to Defendant ACT Lending to repurchase the mortgage loans from Plaintiff CSFBMC was dependent on a number of variables set forth in the MRA.

15. On or about March 24, 2005, Defendant Haws made an individual guaranty to Plaintiff CSFBMC "unconditionally and irrevocably" guaranteeing "the prompt and complete payment and performance by" Defendant ACT Lending. (A copy of Defendant Haws' Individual Guaranty is attached as Exhibit C.) There have been no amendments to Defendant Haws' individual guaranty. (The MRA and Haws' individual guaranty shall collectively be referred to as the "Agreements".)

16. Both Agreements provide that New York law will govern. They further provide that the courts of the State of New York shall be the forum for resolving any breaches of the Agreements.

17. Defendant ACT Lending has failed to comply with its obligations under the Amended MRA. It failed to repurchase mortgage loans despite Plaintiff CSFBMC's demand for repurchase, as well as notice from Plaintiff CSFBMC that Defendant ACT Lending is in default under the Amended MRA. As a result of Defendant ACT Lending's breach, Plaintiff CSFBMC has suffered losses exceeding $760,000.00.

18.     Plaintiff CSFBMC has given notice Defendant Haws of Defendant ACT Lending's breach and default. Further, demand has been made on Defendant Haws for performance under his individual guaranty. Defendant Haws has refused to comply with his obligations under the individual guaranty and he is in breach of his obligations.

### Plaintiff DLJMC's Claims Against Defendant ACT Capital

19.     On or about January 1, 2002, Plaintiff DLJMC entered into a Purchase, Warranties and Interim Servicing Agreement with Defendant ACT Capital (the "Original Purchase Agreement"). (A copy of the Original Purchase Agreement is attached as Exhibit D.) On or about March 1, 2005, the Parties entered into an Amended and Restated Seller's Purchase, Warranties and Interim Servicing Agreement" (the "Amended Purchase Agreement"). (A copy of the Amended Purchase Agreement is attached as Exhibit E. The Original Purchase Agreement and Amended Purchase Agreement shall be collectively referred to as the "Purchase Agreement.)

20.     Under the terms of the Purchase Agreement, Plaintiff DLJMC agreed to purchase certain mortgage loans from Defendant ACT Capital.

21.     Under the Purchase Agreement, Defendant ACT Capital agreed that in certain instances it would repurchase certain mortgage loans that it had sold to Plaintiff DLJMC. As but one example, Defendant ACT Capital agreed to repurchase mortgage loans if they became delinquent by more than 30 days within the first three (3) months after they had been purchased by Plaintiff DLJMC.

22.     Defendant ACT Capital also agreed to provide "Purchase Price Protection" ("PPP") (commonly referred to as "Premium Recapture") to Plaintiff DLJMC if the purchased mortgage

loans paid-off in full within a certain time after Plaintiff DLJMC purchased the mortgage loans from Defendant ACT Capital.

23. Plaintiff DLJMC gave notice to Defendant ACT Capital that certain mortgage loans needed to be repurchased. It also gave Defendant ACT Capital notice that it must pay PPP for certain of the mortgage loans.

24. Defendant ACT Lending failed and refused to repurchase the mortgage loans or to pay the PPP. As a result, Plaintiff DLJMC has been damaged in an amount exceeding $45 million.

## FIRST COUNT
### (BREACH OF CONTRACT – ACT LENDING)

25. Paragraphs 1 - 24 of this Complaint are incorporated herein by reference.

26. Despite demand and notice from Plaintiff CSFBMC, Defendant ACT Lending has failed and refused to comply with its obligations under the terms of the Amended MRA by failing to repurchase loans within the time required.

27. As a result of Defendant ACT Lending's failure to comply with the Amended MRA, Plaintiff CSFBMC has been damaged in an amount not less than $760,000, plus interest and penalties, in an amount to be proven at trial.

28. Under the terms of the Amended MRA, Plaintiff CSFBMC is also entitled to collect its reasonable attorney's fees and costs from Defendant ACT Lending for bringing this action.

## SECOND COUNT
### (UNJUST ENRICHMENT – ACT LENDING)

29. Paragraphs 1-28 of this Complaint are incorporated herein by reference.

30. For each of the loans that was not repurchased, Defendant ACT Lending received payment from Plaintiff CSFBMC when the mortgage loan was purchased.

31. Defendant ACT Lending has wrongfully refused to comply with its obligation to repurchase the mortgage loans causing Plaintiff CSFBMC to lose the use of the money due and owing, and requiring Plaintiff CSFBMC to incur attorney's fees and costs to recover the amounts due under the Amended MRA. It would be unjust and inequitable to allow Defendant ACT Lending to benefit in this manner.

32. By reason of the foregoing, Defendant ACT Lending has been unjustly enriched at and Plaintiff CSFBMC has suffered damage in an amount to be proven at trial.

### THIRD COUNT
### (BREACH OF GUARANTY – HAWS)

33. Paragraphs 1-32 of this Complaint are incorporated herein by reference.

34. Plaintiff CSFBMC gave notice to Defendant Haws that Defendant ACT Lending failed and refused to comply with its obligations under the Amended MRA. Plaintiff CSFBMC also demanded that Defendant Haws perform under his individual guaranty. Defendant Haws has failed and refused to comply with his obligations under the individual guaranty.

35. As a result of Defendant Haws' failure to comply with his obligations under the individual guaranty, Plaintiff CSFBMC has been damaged in an amount not less than $760,000, plus interest and penalties, in an amount to be proven at trial.

36. Under the terms of the Amended MRA, Plaintiff CSFBMC is also entitled to collect from Defendant Haws its reasonable attorney's fees and costs for bringing this action.

### FOURTH COUNT
### (INDEMNIFICATION – ACT LENDING and HAWS)

37. Paragraphs 1-36 of this Complaint are incorporated herein by reference.

38. Pursuant to the Agreements, Defendants ACT Lending and Haws agreed to indemnify Plaintiff CSFBMC for any and all claims, losses, damage, penalties, fines, forfeitures, legal fees and related costs, judgment, and any other costs, fees and expenses that Plaintiff CSFMBC may sustain in any way related to the failures of Defendants ACT Lending and Haws to observe and perform their duties, obligations, and covenants in compliance with the terms of the Agreements.

39. The obligations of Defendants ACT Lending and Haws expressly includes the legal fees and related costs and any other costs, fees and expenses that Plaintiff CSFBMC may sustain in connection with their failure to observe and perform their obligations, including but not limited to attorney's and other expenses incurred in this action.

## PRAYER FOR RELIEF – ACT LENDING and HAWS

**WHEREFORE**, Plaintiff CSFBMC respectfully requests that judgment issue:

a) against Defendants ACT Lending and Haws in an amount not less than $760,000, plus penalties and interest, in an amount to be proven to trial;

b) requiring Defendants ACT Lending and Haws to pay all attorney's fees and costs incurred by Plaintiff CSFBMC in initiating and pursuing this litigation; and

c) for any and all such relief to which Plaintiff CSFBMC is entitled at law or at equity.

## FIFTH COUNT
### (BREACH OF CONTRACT – ACT CAPITAL)

40. Paragraphs 1-39 of this Complaint are incorporated herein by reference.

41. Defendant ACT Capital failed to comply with its obligations under the terms of the Purchase Agreement by failing to repurchase loans and to make PPP payments to Plaintiff DLJMC.

42. Despite demand for compliance, Defendant ACT Capital failed and refused to meet is obligations under the Purchase Agreement.

43. As a result of Defendant ACT Capital's failure to comply with the Purchase Agreement, Plaintiff DLJMC has been damaged in an amount not less than $45 million, plus interest and penalties.

44. Under the terms of the Purchase Agreement, Plaintiff DLJMC is also entitled to collect from Defendant ACT Capital its reasonable attorney's fees and costs for bringing this action.

## SIXTH COUNT
### (UNJUST ENRICHMENT – ACT CAPITAL)

45. Paragraphs 1-44 of this Complaint are incorporated herein by reference.

46. For each of the loans at issue, Defendant ACT Capital received payment from Plaintiff DLJMC when the mortgage loans were purchased from Defendant ACT Capital.

47. Defendant ACT Capital has wrongfully refused to comply with its obligation to repurchase the mortgage loans and to make PPP payments, causing Plaintiff DLJMC to lose the use of the money due and owing, and requiring Plaintiff DLJMC to incur attorney's fees and costs to recover the amounts due under the Purchase Agreement. It would be unjust and inequitable to allow Defendant ACT Capital to benefit in this manner.

48. By reason of the foregoing, Defendant ACT Capital has been unjustly enriched at Plaintiff DLJMC's expense and Plaintiff DLJMC has suffered damage in an amount to be proven at trial.

## SEVENTH COUNT
### (INDEMNIFICATION – ACT CAPITAL)

49. Paragraphs 1-48 of this Complaint are incorporated herein by reference.

50. Pursuant to the Purchase Agreement, Defendant ACT Capital agreed to indemnify

Plaintiff DLJMC for any and all claims, losses, damage, penalties, fines, forfeitures, legal fees and related costs, judgment, and any other costs, fees and expenses that Plaintiff DLJMC may sustain in any way related to Defendant ACT Capital's failure to observe and perform its duties, obligation, and covenants in compliance with the terms of the Purchase Agreement.

51.  Defendant ACT Capital's obligation expressly includes the legal fees and related costs and any other costs, fees and expenses that Plaintiff DLJMC may sustain in connection with Defendant ACT Capital's failure to observe and perform its obligations to repurchase the loans and remit PPP payments, including but not limited to attorney's and other expenses incurred in this action.

### **PRAYER FOR RELIEF – ACT CAPITAL**

**WHEREFORE**, Plaintiff DLJMC respectfully requests that judgment issue:

a) against Defendant ACT Capital in an amount not less than $45 million, plus penalties and interest, in an amount to be proven to trial;

b) requiring Defendant ACT Capital to pay all attorney's fees and costs incurred by Plaintiff DLJMC in initiating and pursuing this litigation; and

c) for any and all such relief to which Plaintiff DLJMC is entitled at law or at equity.

FLAMM, BOROFF & BACINE, P.C.
Attorneys for Plaintiffs DLJ Mortgage Capital, Inc.
and Credit Suisse First Boston Mortgage
Capital, LLC

By: _____
Robert A. Pinel, Esq.

Dated: January 24, 2008